**THERESA A. GOLDNER, COUNTY COUNSEL**
By: **ANDREW C. THOMSON, Deputy (SBN 149057)**
     **JAMES L. BRANNEN, Deputy (SBN 279367 )**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants County of Kern,**
**Cynthia Norris, Melissa Allen and Mark Pafford**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXANDER F. HARPER, an individual**<br><br>    **Plaintiff,**<br>    vs.<br><br>**COUN TY OF KERN,  a municipal entity, CYNTHIA NORRIS,  an individual, MELISSA ALLEN,  an individual, MARK PAFFORD, an individual,  and DOES 1 through 10, inclusive,**<br>    **Defendants.** | **CASE NO. 1:14-CV-01603- TLN-MJS**<br><br>**STIPULATION FOR PROTECTIVE ORDER;  ORDER** |

    Plaintiff ALEXANDER F. HARPER (hereinafter "Plaintiff") is represented by Attorneys Brian T. Dunn and Jennifer A. Bandlow, The Cochran Firm – California, 4929 Wilshire Blvd, Ste 1010, Los Angeles, CA. 90010.

    Defendants COUNTY OF KERN, CYNTHIA NORRIS, MELISSA ALLEN, and MARK PAFFORD (hereinafter collectively "Defendants") are represented by the Office of Kern County Counsel, Deputy Andrew C. Thomson and Deputy James Brannen, 1115 Truxtun Ave., Bakersfield, CA. 93301.

---

Stipulation for Protective Order; Order

1     Plaintiff and Defendants are hereinafter collectively referred to as the "Parties."

2     **IT IS HEREBY STIPULATED AND AGREED TO**, by and between the Parties,
3 through their respective counsel of record, that the following Protective Order be entered:

4 1.     The Parties have repeatedly met and conferred regarding various issues regarding
5 discovery in this matter in an effort to informally resolve various issues.

6 2.     Defendants have requested that Plaintiff, in response to written discovery, produce
7 records which: a) qualify as medical/psychological records; b) involve employment and/or
8 employment discipline records; c) may contain private financial information; and, d) may
9 contain information derived from private personnel investigations.

10 3.     Plaintiff has taken the deposition of Defendants Pafford, Norris and Allen and has
11 delved into private and/or personnel issues, and Defendants anticipate that Plaintiff will address
12 private and/or personnel issues, and other County administrative issues, in the scheduled
13 depositions of witnesses Yraceburn, Harwell and Lee, and during the impending depositions of
14 the three Persons Most Qualified on behalf of Defendants

15 4.     Counsel for the Parties are informed and believes that a protective order is necessary in
16 order to protect the records and testimony from inappropriate use and/or disclosure, including
17 but not limited to the private personnel records and information of Plaintiff and Defendants.

18 5.     In order to comply with Defendants' discovery demands, and also to avoid occupying the
19 Court's time with numerous requests to view the documents in camera, the Parties are willing to
20 agree that the documents and/or testimony may be produced provided the attached Protective
21 Order is issued by the Court prior to production of the documents.

22 6.     The Parties each agree to be bound by the terms of the Protective Order, and by signing
23 this stipulation, counsel represent to the Court that they have informed or will inform their
24 clients, consultants and experts of the terms of the protective order prior to the clients,
25 consultants and experts review of the documents and testimony.

26 7.     The Parties agree that this stipulation may be signed in counterpart.

27 8.     The Parties respectfully request the Court's consideration of this request.

28 \ \ \

---

Stipulation for Protective Order; Order

**THEREFORE, IT IS HEREBY STIPULATED**:

I.     All documents produced by the Parties in response to the opposing Party's propounded discovery that are designated "CONFIDENTIAL" (including but not limited to medical and/or psychological records, financial documents, personnel records, investigations, interviews, investigative reports, statements, employment evaluations, or other information from personnel files) and/or deposition testimony that is designated "CONFIDENTIAL" shall be subject to the following orders:

    a)     The records shall not be copied or disseminated outside of any attorney's office except for review by retained consultants/experts or a party to this action.

    b)     The only persons who shall be authorized to view the records will be the involved attorneys, the attorneys' office staff, retained consultants/experts, any non-party witnesses who have already seen or have been in possession of such documents/testimony, and/or parties to this action.

    c)     The contents of the records/testimony shall not be discussed with, or disseminated to, (either verbally, in writing, or in any other format) any person that is not one of the involved attorneys, the attorneys' office staff, consultant/retained expert, parties to this action or any non-party witnesses who have already seen or have been in possession of such documents/testimony.

    d)     The records shall not be provided to the news media directly or indirectly in any form or manner.

    e)     The records shall be utilized only in connection with this litigation and for no other purpose whatsoever, at any time, ever.

II.    At the conclusion of this litigation, all produced records and/or testimony, and any copies thereof, including exhibits to depositions, shall be returned to the office of the respective party's counsel or destroyed.  However, at the conclusion of the case, counsel may retain one file copy for his/her records.

III.   No counsel shall file with this Court, or any other court, any of the produced "CONFIDENTIAL" records and/or testimony subject to this protective order, either as an

\ \ \

Stipulation for Protective Order; Order

3

exhibit to a motion or otherwise, unless the subject court has previously issued an order sealing such record.

IV.   Any person, or persons, violating this order shall be subject to sanctions and costs of any protective related motion.

Dated: December 2, 2015                    **THE COCHRAN FIRM - CALIFORNIA**

                                                  By /s/ Jennifer A. Bandlow
                                                     Jennifer A. Bandlow, Esq.
                                                     Attorneys for Plaintiff Alexander F. Harper

Dated: December 2, 2015                    **THERESA A. GOLDNER, COUNTY COUNSEL**

                                                  By /s/ Andrew C. Thomson
                                                   Andrew C. Thomson, Deputy
                                                   Attorneys for Defendants County of Kern

### **ORDER**

Good cause appearing, the STIPULATION FOR PROTECTIVE ORDER in CASE NO. 1:14-CV-01603- TLN-MJS is hereby accepted and adopted as the Order of this Court.

IT IS SO ORDERED.

Dated:   December 2, 2015                    /s/ *Michael J. Seng*
                                                                           UNITED STATES MAGISTRATE JUDGE

---

Stipulation for Protective Order; Order

#22F1803

Stipulation for Protective Order; Order